UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IBRAHIMA W. BARRY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:05-cv-1187-RLY-WTL |
| | ) | |
| EDWARD J. BYARD, DAVID C. | ) | |
| BROWN, and INDIAN RIVER | ) | |
| TRANSPORT, INC., | ) | |
|     Defendants. | ) | |

**ORDER ON DEFENDANT, DAVID C. BROWN'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6), 12(b)(2), 12(b)(1) AND 12(b)(3), AND ALTERNATIVE MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1406**

Defendant David C. Brown moves to dismiss Plaintiff's Complaint for the following reasons: (1) Plaintiff failed to file his Complaint within the applicable statute of limitations; (2) the court does not have personal jurisdiction over Brown or any other Defendant; (3) the court does not have jurisdiction over the subject matter; and (4) Plaintiff's Complaint has been filed in an improper venue. In the alternative, Brown requests that this case be transferred to the District Court of Connecticut under 28 U.S.C. § 1406(a).

The court, having read and reviewed Brown's motion, the supporting and opposing briefs, and the applicable law, now finds that Plaintiff did not file his Complaint within the applicable two-year statute of limitations. The car accident which is the subject of

this lawsuit occurred on July 28, 2003.  Plaintiff did not file his Complaint in this court[1] until August 10, 2005.  Plaintiff's attempt to invoke the doctrine of equitable tolling does not save his claim, as his attorney could have easily filed suit prior to August 10, 2005.  Indeed, Plaintiff engaged the services of his current counsel on January 31, 2005.  The fact that Plaintiff's counsel may have suffered delays in his settlement negotiations with Commerce Insurance Company is of no avail.  *See Elmore v. Henderson*, 227 F.3d 1009 (7th Cir. 2000) (The running of the statute of limitations can be equitably tolled when through no fault of his own the plaintiff was unable to sue within the limitations period but he sued as soon as he could).  Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6).  Brown's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) is therefore **GRANTED**.  Brown's Motion Pursuant to Fed.R.Civ.P. 12(b)(2), 12(b)(1), 12(b)(3), and Alternative Motion to Transfer Pursuant to 28 U.S.C. § 1406 are **DENIED** as **MOOT**.

**SO ORDERED** this   6th    day of December 2005.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

---

[1] Plaintiff originally filed this suit in the Connecticut Superior Court in July 2005, but due to faulty information provided to him by the Clerk of the Superior Court regarding proper filing procedure, the Complaint and summons were not timely filed.  Plaintiff states that he learned of this on July 31, 2005 – three days past the statute of limitations.  In his Response Brief, Plaintiff asks this court find that he diligently attempted to file his Complaint in the Connecticut Superior Court within the applicable statute of limitations.  This court does not have the power to grant the relief Plaintiff seeks.

Electronic Copies to:

Thomas B. Bays
GOODIN ABERNATHY & MILLER
tbays@gamlawyers.com

Joel Samuel Paul
THE LAW OFFICES OF SWARAY CONTEH, LLC
contehlaw@att.net

Michael W. Phelps
KOPKA, PINKUS, DOLIN & EADS
MWPhelps@Kopkalaw.com

Thomas Edward Rosta
KOPKA PINKUS DOLIN & EADS PC
terosta@kpdlawfirm.com

Adriane E. Siefert
GOODIN ABERNATHY & MILLER
asiefert@gamlawyers.com